1           IN THE UNITED STATES DISTRICT COURT

2        FOR THE NORTHERN DISTRICT OF CALIFORNIA

3                   SAN JOSE DIVISION

4
    UNITED STATES,              )  CR-09-00487-RMW
5                               )
                 PLAINTIFF,     )
6                               )  JUNE 19, 2012
            VS.                 )
7                               )  VOLUME 7
    ALBERT KE-JENG HU,          )
8                               )
                 DEFENDANT.     )  PAGES 918-971
9    _____)

10

11             TRANSCRIPT OF PROCEEDINGS

12      BEFORE THE HONORABLE RONALD M. WHYTE

13            UNITED STATES DISTRICT JUDGE

14

15   A P P E A R A N C E S:

16

17   FOR THE PLAINTIFF:  U.S. ATTORNEY'S OFFICE
                         BY:  JOSEPH FAZIOLI
18                            TIM LUCEY
                         150 S. ALMADEN BLVD, STE 900
19                       SAN JOSE, CA  95113

20

21   FOR THE DEFENDANT:  ATTORNEY AT LAW
                         BY:  JERRY FONG
22                       PO BOX 1040
                         PALO ALTO, CA  94302-1040

23

24

25   OFFICIAL COURT REPORTER: SUMMER FISHER, CSR, CRR
                              CERTIFICATE NUMBER 13185

1    SAN JOSE, CALIFORNIA          JUNE 19, 2012

2                    P R O C E E D I N G S

3    (WHEREUPON, THE FOLLOWING PROCEEDINGS WERE HELD OUT

4    OF THE PRESENCE OF THE JURY:)

5              THE COURT:  OKAY.  LET ME FIND OUT FIRST

6    IF THE GOVERNMENT HAS ANY OBJECTIONS TO THE

7    PROPOSED INSTRUCTIONS AND ANY ADDITIONS.

8              MR. FAZIOLI:  WE DO, YOUR HONOR.  AND

9    WE'VE CONFERRED WITH THE DEFENSE ABOUT SOME OF THE

10   INSTRUCTIONS.  AND THERE ARE SOME INSTRUCTIONS,

11   COMMENTS AND PROPOSAL CHANGES TO THE INSTRUCTIONS

12   AND THE VERDICT FORMS THAT THE PARTIES AGREED TO

13   AND THERE'S SOME WE DON'T AGREE WITH.  SO I DON'T

14   KNOW HOW THE COURT WOULD LIKE TO PROCEED.

15             THE COURT:  WHY DON'T YOU FOLLOW ME WHAT

16   YOU AGREED SHOULD BE CHANGED AND SEE IF I AGREE

17   WITH IT.

18             MR. FAZIOLI:  THE FIRST IS THAT THERE IS

19   AN ADDITION OF A POSSIBLE INSTRUCTION.  THE

20   GOVERNMENT'S PROPOSED JURY INSTRUCTION HAD AN

21   INSTRUCTION 4.1 ON PAGE 29.  THIS WAS NINTH CIRCUIT

22   MODEL CRIMINAL INSTRUCTION 4.1 WHICH WAS STATEMENTS

23   BY DEFENDANT.

24             THE COURT:  I THOUGHT ABOUT THAT.  I

25   DON'T THINK IT'S APPLICABLE.  IT'S REALLY DESIGNED

919

1    FOR THE CONFESSION CASE AND THIS ISN'T THAT.  I

2    THINK IT WOULD BE KIND OF CONFUSING TO GIVE IT TO A

3    JURY.

4             MR. FAZIOLI:  OKAY.  WE JUST WANTED TO

5    RAISE IT.

6             THE COURT:  WHAT'S YOUR FEELING,

7    MR. FONG?

8             MR. FONG:  I DON'T FEEL STRONGLY ONE WAY

9    OR THE OTHER.

10            THE COURT:  YOU DON'T OBJECT TO ME NOT

11   GIVING IT.

12            MR. FONG:  I DO NOT OBJECT TO THE COURT

13   NOT GIVING THAT.

14            THE COURT:  OKAY.

15            MR. FAZIOLI:  JURY INSTRUCTION NUMBER

16   SEVEN, I BELIEVE THAT THE MODEL INSTRUCTION THAT WE

17   PROPOSED HAS A SENTENCE, AFTER YOU SHOULD CONSIDER

18   BOTH KINDS OF EVIDENCE, THAT THERE WAS A SENTENCE

19   SAYING EITHER CAN BE USED TO PROVE ANY FACT.  AT

20   LEAST THAT WAS OUR UNDERSTANDING OF THE MODEL

21   INSTRUCTION AND WE WERE GOING TO PROPOSE THAT BE

22   ADDED TO THAT LANGUAGE.

23            THE COURT:  I DON'T HAVE ANY PROBLEM WITH

24   THAT, I'M JUST CURIOUS --

25            MR. FONG:  I DO NOT HAVE ANY OBJECTION TO

1    THAT ADDITION, YOUR HONOR.

2              THE COURT:  YEAH, I WILL ADD THAT.

3              MR. FAZIOLI:  OKAY.

4              MR. LUCEY:  THANK YOU, YOUR HONOR.

5              MR. FAZIOLI:  JURY INSTRUCTION NUMBER 11,

6    THERE APPEARS TO BE A TYPO, IT SAYS, A SEPARATE

7    CRIME WAS CHARGED AGAINST THE MR. HU.  MAYBE YOU

8    SHOULD TAKE OUT THE WORD THE.

9              THE COURT:  WHICH IS THAT?

10             MR. FAZIOLI:  NUMBER 11.

11             THE COURT:  THAT IS CORRECT.  THAT SHOULD

12   GO.  I WILL TAKE THAT OUT.

13             MR. FAZIOLI:  THEN JURY INSTRUCTION 13,

14   THE PARTIES DID HAVE A DISCUSSION ABOUT THE

15   SUBSTANCE.  I UNDERSTAND THE DEFENSE HAD A PROPOSED

16   EDIT TO IT.  BUT THE AGREEMENT, I THINK, IS ON A

17   MODIFICATION.  THERE'S A TABLE IN THIS DOCUMENT

18   WHICH IS REFLECTIVE OF THE INDICTMENT AND I'M

19   PASSING UP TO THE COURT NOW, THERE WAS A

20   STIPULATION THAT THE PARTIES ENTERED INTO REGARDING

21   WIRE COMMUNICATIONS AND TRANSMISSIONS.

22             AND THIS IS WHERE THE PARTIES AGREED THAT

23   CERTAIN WIRE COMMUNICATIONS AND TRANSMISSIONS TOOK

24   PLACE, WHICH WE WOULD SUBMIT FULFILLS THE

25   INTERSTATE OR INTERNATIONAL COMMERCE NEXUS AND ALSO

1    FULFILLS THE NOTICE REQUIREMENT THAT THESE WERE THE

2    WIRES THAT THE PARTIES WERE TALKING ABOUT.

3            THE GOVERNMENT REQUESTS, MY UNDERSTANDING

4    THE DEFENSE IS IN AGREEMENT WITH THIS, THAT THE

5    TABLE IN THIS INSTRUCTION NOT BREAK OUT DETAILS

6    ABOUT UBS AND FIDELITY AND OTHER ENTITIES, BUT

7    INSTEAD TRACK SOMEWHAT THE LANGUAGE OF THE

8    STIPULATION, FOR EXAMPLE TO READ, COUNT ONE, DATE

9    2-8-05, THEN THE DESCRIPTION THAT'S IN THE

10   STIPULATION, INTERSTATE WIRE TRANSFER HUNDRED

11   THOUSAND DOLLARS SENT ON OR BEHALF OF MR. LIN.

12           THE COURT:  WOULD IT WORK IF I JUST

13   CHANGED THE INSTRUCTION TO USE, TO ADD A COLUMN FOR

14   THE COUNT AND USE THE TABLE ON YOUR PROPOSAL?

15           MR. LUCEY:  I THINK WE ARE SAYING THE

16   SAME THING, YOUR HONOR.

17           MR. FAZIOLI:  YES.  WE COULD E-MAIL YOU A

18   WORDPERFECT COPY OF THE STIPULATION.  AND I THINK

19   IT WOULD WORK IF IT WERE COUNT ONE, YES.  THE

20   COLUMN FOR COUNT ONE, THEN THE REMAINDER JUST AS

21   TRACKED AND THE STIPULATION BETWEEN THE PARTIES.

22           THE COURT:  OKAY.  THAT'S FINE.

23           MR. FAZIOLI:  THEN LASTLY, SOMEWHAT

24   SIMILAR TO THAT ON THE VERDICT FORM, WE WOULD, TO

25   TRACK THAT WE WOULD REQUEST THAT, AND WE CAN TRY TO

1    DO THIS ELECTRONICALLY IF YOU WANT US TO E-MAIL THE

2    VERDICT FORM, THAT IT READ FOR COUNT ONE, GUILTY OR

3    NOT GUILTY OF THE CHARGE OF WIRE FRAUD WITH RESPECT

4    TO, AND WE COULD SAY, A WIRE SENT OR OR BY ON

5    BEHALF OF MR. LIN ON OR ABOUT FEBRUARY 8TH, 2005,

6    AS DESCRIBED IN INSTRUCTION 13.

7              MR. FONG:  I DON'T HAVE ANY OBJECTION TO

8    THAT, YOUR HONOR.

9              THE COURT:  OKAY.

10             MR. FAZIOLI:  SO THOSE ARE THE

11   DIFFERENCES THAT THE PARTIES ARE IN AGREEMENT

12   ABOUT.

13             AS FOR THE ONES WHERE WE HAD PROPOSED --

14   I DON'T KNOW WHETHER YOU WANT TO GO THROUGH THE

15   ONES WHERE THE DEFENSE HAS AN ISSUE AND THEN WE CAN

16   TAKE OUR POSITION ON IT OR JUST GO THROUGH THE ONES

17   WE HAVE

18             MR. LUCEY:  YOUR HONOR, I'M SORRY TO

19   INTERRUPT MY COLLEAGUE, MR. FAZIOLI.  I WAS GOING

20   TO SUGGEST NUMBER EIGHT.

21             MR. FAZIOLI:  SO, IN TERMS OF POSSIBLE

22   OBJECTIONS, NOT REALLY OBJECTIONS BUT WE NOTICE

23   JURY INSTRUCTIONS 5 AND 6 DIFFER SLIGHTLY FROM THE

24   MODEL INSTRUCTIONS.  WE DON'T HAVE A REAL PROBLEM

25   WITH THAT BUT WE WANTED TO RAISE IT.

1       THE COURT:  LET ME SEE WHAT THE

2  DIFFERENCE IS.

3       MR. FAZIOLI:  THE STIPULATION LANGUAGE IS

4  SLIGHTLY DIFFERENT.

5       MR. LUCEY:  AND WE GATHERED YOUR HONOR

6  THAT THE COURT HAD TAKEN UPON ITSELF TO COMBINE A

7  COUPLE OF MODEL INSTRUCTIONS TOGETHER.

8       THE COURT:  I THINK I PUT THE STIPULATION

9  IN TO CHANGE THE MODEL, I HAD THE STIPULATION THAT

10  YOU ACTUALLY HAD ONE READ TO THEM.

11       WHAT'S THE PROBLEM WITH SIX?

12       MR. FAZIOLI:  I DON'T THINK IT'S A

13  PROBLEM, I THINK IT'S SLIGHTLY DIFFERENT THAN THE

14  MODEL INSTRUCTION.

15       THE COURT:  I THINK THE LANGUAGE ABOUT

16  CONSIDERING THE LAWYER'S QUESTIONS, I UNDERSTAND

17  THE ANSWERS MAY BE AN ADDITION.

18       MR. FAZIOLI:  WE DON'T HAVE AN OBJECTION

19  TO THAT.

20       EIGHT, UNDER CREDIBILITY OF WITNESSES, WE

21  DID NOTICE THE LAST SENTENCE IN EIGHT WAS IT'S

22  IMPORTANT HOW BELIEVABLE THE WITNESSES WERE AND HOW

23  MUCH WEIGHT YOU THINK THEIR TESTIMONY DESERVES.

24       THAT APPEARS TO BE ADDED TO THE MODEL

25  INSTRUCTION AND WE WANTED TO INQUIRE ABOUT THE

1    COURT'S THOUGHT PROCESS BEHIND ADDING THAT

2    SENTENCE.

3              THE COURT:  WHAT DO YOU THINK IS ADDED?

4              MR. LUCEY:  THE VERY LAST SENTENCE,

5    YOUR HONOR.

6              THE COURT:  AND WHAT MODEL INSTRUCTION AM

7    I LOOKING AT?

8              MR. FAZIOLI:  WELL, OUR MISTAKE,

9    YOUR HONOR.

10             MR. FONG:  I THINK THAT SENTENCE IS FINE

11   WITH THE DEFENSE, YOUR HONOR.  I THINK THERE'S

12   ACTUALLY A SLIGHT VARIATION BETWEEN THE BOOK

13   VERSION OF THE MODEL INSTRUCTION AND THE ON LINE

14   VERSION WHICH IS PROBABLY WHY WE'RE SEEING

15   SLIGHTLY, SOME SLIGHT DIFFERENCES.

16             THE COURT:  I WILL CHECK AND SEE IF

17   THAT'S -- I MEAN, THERE MAY HAVE BEEN SOME MINOR

18   MODIFICATIONS AFTER THE BOOKLET WAS FORMED OR

19   PUBLISHED.

20             MR. FONG:  AND FROM THE DEFENSE'S

21   STANDPOINT, THAT LAST SENTENCE WE BELIEVE IS

22   APPROPRIATE.

23             MR. FAZIOLI:  ALL RIGHT.  THE NEXT ONE

24   WOULD BE JURY INSTRUCTION TEN, THE OTHER WRONGS OR

25   ACTS OF THE DEFENDANT.

1          WE WOULD PROBABLY HAVE TWO POINTS.

2    FIRST, GENERALLY TO THE EXTENT THAT THE COURT HAD

3    RULED THAT THE EVIDENCE RELATED TO MS. DOONG AND

4    HER SISTER WAS INEXTRICABLY INTERTWINED WITH THE

5    CHARGED OFFENSE CONDUCT, WE ARE NOT SURE IT'S

6    NECESSARY TO HAVE A SPECIFIC INSTRUCTION ADDRESSING

7    THIS PARTICULAR POINT.

8          MR. LUCEY:  AND TO THAT POINT,

9    YOUR HONOR, FOR, WE DID A LITTLE BIT OF RESEARCH ON

10   THIS LAST NIGHT.  WE DID DULLY FIND A CASE, IT'S A

11   2008-CASE THAT WAS NOT SELECTED FOR PUBLICATION BUT

12   IT APPEARS TO BE ON POINT FROM OUR CIRCUIT AND

13   DISTRICT.  IT'S A CASE INVOLVING JUDGE CONTI UP IN

14   SAN FRANCISCO.

15          UNITED STATES V. HATTEBERG.  295 FED

16   APPENDIX 249.  THE WESTLAW CITE IS 208 WESTLAW

17   4482996.  I HAVE A COPY TO HAND UP TO THE COURT.

18          THE CASE INVOLVES WIRE FRAUD YOUR HONOR.

19   AND THE ISSUE IN THAT CASE IS AFTER THE COURT RULED

20   CERTAIN EVIDENCE WAS INEXTRICABLY INTERTWINED,

21   WHETHER OR NOT A MORE DETAILED INSTRUCTION WAS

22   NEEDED.  AND THE NINTH CIRCUIT OPINES, AGREES WITH

23   JUDGE CONTI THAT A MORE PARTICULAR LIMITING

24   INSTRUCTION WAS NOT REQUIRED UNDER RULE 105 SINCE

25   THE COURT RULED THE MATTERS AT ISSUE WERE NOT IN

926

 1    FACT 404(B) BUT WERE INEXTRICABLY INTERTWINED IN

 2    THE CHARGES IN CHIEF.

 3              THE COURT:  I DID NOT LOOK AT THAT CASE

 4    BUT I THOUGHT ABOUT IT AND MY THINKING WAS AS

 5    FOLLOWS:  THAT I DO THINK THE TESTIMONY IS

 6    INEXTRICABLY INTERTWINED BUT I ALSO THOUGHT THE

 7    PURPOSES FOR WHICH THE TESTIMONY WAS RELEVANT WAS

 8    BASICALLY TO PROVE OR ADD TO THE PROOF THAT THE

 9    GOVERNMENT HAD AS TO THERE BEING A FRAUDULENT

10    SCHEME.  AND I DIDN'T SEE ANYTHING THAT WOULD BE

11    RELEVANT EXCEPT FOR THAT.  AND THAT'S WHY YOU

12    OFFERED THE TESTIMONY.

13              SO --

14              MR. LUCEY:  IS YOUR CONCERN, YOUR HONOR,

15    THAT THERE WASN'T TESTIMONY FROM MS. DOONG IN

16    REGARD TO DIRECT CONNECTIONS TO MR. LIN OR

17    MR. VERDIELL'S WIRES?

18              THE COURT:  NO, NOT REALLY THAT.  I GUESS

19    I WAS IN PART THINKING THAT I THINK IT'S

20    INEXTRICABLY INTERTWINED BUT IF SOMEBODY ELSE

21    LOOKING AT IT SAID IT WASN'T, IT STILL WOULD BE

22    VERY RELEVANT TO MY VIEW TOWARDS THE ISSUE OF

23    WHETHER THERE WAS A FRAUDULENT SCHEME AS TO MR. --

24    WHO IS ALLEGED IN MOTIVE OR PLANNING.

25              MR. FAZIOLI:  YOUR HONOR, IF THE COURT IS

1    INCLINED TO PROPOSE SOME INSTRUCTION, WE HAD AN

2    ALTERNATIVE FORMULATION OF THE INSTRUCTION.

3              THE COURT:  WHAT IS THAT?

4              MR. FAZIOLI:  I HAVE SOME NOTES HERE SO I

5    WILL READ IT.

6              YOU HAVE HEARD EVIDENCE THAT MR. HU

7    OBTAINED MONEY FROM GRACE DOONG -- YOU HAVE HEARD

8    EVIDENCE THAT MR. HU OBTAINED MONEY FROM GRACE

9    DOONG AND HER SISTER IN CONNECTION WITH INVESTMENTS

10   THAT GRACE DOONG MADE ON BEHALF OF HER SISTER IN

11   THE ASENQUA BETA FUND.

12             YOU ALSO HEARD EVIDENCE THAT MR. HU LATER

13   REPRESENTED THAT THE MONEYS FROM HER SISTER'S

14   INVESTMENT WERE TRANSFERRED TO THE FIRESIDE LS

15   FUND.  YOU ALSO HEARD MR. HU OBTAINED MONEY FROM

16   GRACE DOONG IN CONNECTION WITH HER OWN INVESTMENT

17   IN THE AQC FUND.

18             MR. HU IS NOT SPECIFICALLY CHARGED IN

19   THIS CASE WITH WIRE FRAUD WITH RESPECT TO THE WIRES

20   MADE BY MS. DOONG AND HER SISTER.  YOU MAY CONSIDER

21   THE TESTIMONY OF MS. DOONG REGARDING THE

22   REPRESENTATIONS MADE TO HER AND HER SISTER'S

23   INVESTMENTS ONLY FOR THE LIGHT IT SHEDS IF ANY, ON

24   THE QUESTION OF WHETHER MR. HU WAS ENGAGED IN A

25   FRAUDULENT SCHEME TO DEFRAUD AS WELL AS ALSO FOR

1    HIS INTENT, MOTIVE OR PLAN AT THE TIME HE OBTAINED

2    THE MONEY HE IS CHARGED WITH HAVING OBTAINED FROM

3    BOB LIN AND MARK VERDIELL.

4            MR. FONG:  YOUR HONOR, THE DEFENSE HAS

5    OFFERED ITS OWN VERSION OF INSTRUCTION TEN WHICH WE

6    DO AGREE IS ESSENTIAL, INSTRUCTION NUMBER TEN.  THE

7    DEFENSE'S POSITION IS THAT WITH THE WRITTEN CHANGES

8    THAT WE PROPOSED, WE THINK THE INSTRUCTION IS FINE.

9    AND I BELIEVE THAT IN PRINCIPLE THE PARTIES ARE IN

10   AGREEMENT AS TO TAKING OUT THE PHRASE, BY FALSE

11   PRETENSE, IN THE FIRST SENTENCE OF INSTRUCTION

12   NUMBER TEN.

13           BUT OTHERWISE THE DEFENSE'S POSITION IS

14   THAT WHAT WE ARE PROPOSING WOULD BE ACCEPTABLE,

15   WHICH ACTUALLY, SOMEHOW PROBABLY GOES WITHOUT

16   SAYING.

17           MR. FAZIOLI:  I UNDERSTAND THE ARGUMENT

18   THAT THE DEFENDANT IS NOT -- HE'S CHARGED WITH WIRE

19   FRAUD, HE'S NOT CHARGED SPECIFICALLY WITH THE WIRES

20   MADE BY MS. DOONG AND HER SISTER.  I UNDERSTAND

21   THAT ARGUMENT.

22           MR. LUCEY:  AND YOUR HONOR, WE DO THINK

23   THOUGH, IT'S IMPORTANT, IF WE ARE GOING TO BE

24   CALLING OUT IN THE INSTRUCTION THE PARTICULAR

25   WITNESS, MS. DOONG AND THE INVESTMENT THAT, IT DOES

1    SPECIFY THAT THERE WAS, THAT THE ASENQUA BETA, AT

2    LEAST EVIDENCE WAS GIVEN TO THE RECORD BY MS. DOONG

3    ABOUT THAT BEING REPRESENTED THAT WAS BEING

4    TRANSFERRED TO FIRESIDE AS WELL AS HER ADDITIONAL

5    INVESTMENT HERSELF IN THE AQC FUND.

6         MR. FONG:  IT SEEMS TO ME, YOUR HONOR,

7    ONE WAY TO ADDRESS THE GOVERNMENT'S CONCERN IS THE

8    FIFTH, LINE FIVE, SIMPLY END THE SENTENCE AFTER THE

9    WORD BEHALF, PERIOD.  THEN TAKE OUT THE PHRASE, IN

10   THE ASENQUA BETA FUND.

11        BECAUSE I THINK THAT WILL CONVEY TO THE

12   JURORS BASED ON WHAT THEY HEARD IN COURT, THE ONLY

13   THING IS WE DON'T HAVE TO CONFUSE THEM ABOUT AQC,

14   ASENQUA BETA, AND FIRESIDE, SIMPLY SAY ON HER

15   SISTER TO INVEST ON HER -- EXCUSE ME.  BY HER

16   SISTER TO INVEST ON HER BEHALF, PERIOD.  AND THEN

17   STRIKING OUT THE PHRASE, IN THE ASENQUA BETA FUND.

18        THE COURT:  WE DO HAVE THE FACT THAT

19   THERE WAS TESTIMONY THAT SHE INVESTED HERSELF --

20        MR. LUCEY:  IN THE AQC, CORRECT.

21        MR. LUCEY:  ON BEHALF OF HERSELF AS WELL

22   AS ON BEHALF OF HER SISTER.

23        MR. FONG:  SURE.  I HAVE NO PROBLEM WITH

24   THAT.  ON BEHALF OF HERSELF AND ON BEHALF OF HER

25   SISTER.

1    BUT WE MS. DOONG IT IS IMPORTANT TO

2    CHANGE THE FIRST SENTENCE SO THAT IT READS.

3        THE COURT: I'M OKAY WITH THAT. I'M JUST

4    LOOKING --

5        MR. FAZIOLI: I THINK IF THE COURT WERE

6    TO TAKE OUT THE REFERENCE ABOUT FALSE PRETEXT, IT

7    WOULD BE CONFUSING TO ADD THE LANGUAGE ABOUT

8    RELATED TO WHETHER OR NOT THAT THE DEFENDANT IS

9    PROPOSING --

10       THE COURT: HOW ABOUT IF I JUST SAY,

11   YOU'VE HEARD EVIDENCE RELATING TO INVESTMENT FUNDS

12   MR. HU OBTAINED FROM GRACE DOONG AND HER SISTER?

13       MR. FAZIOLI: THAT'S FAIR, YOUR HONOR.

14       MR. FONG: THAT'S FINE, YOUR HONOR.

15       MR. FAZIOLI: YOUR HONOR, THE NEXT

16   SECTION THAT --

17       THE COURT: ONE SECOND.

18       LET ME READ TO YOU WHAT I'VE GOT AND MAKE

19   SURE IT'S ACCEPTABLE.

20       YOU HAVE HEARD EVIDENCE RELATING TO

21   INVESTMENT FUNDS MR. HU OBTAINED FROM GRACE DOONG

22   AND HER SISTER. MR. HU IS NOT CHARGED IN THIS CASE

23   WITH WIRE FRAUD WITH RESPECT TO THE INVESTMENTS

24   MADE BY MS. DOONG AND HER SISTER. YOU MAY CONSIDER

25   THE TESTIMONY OF MS. DOONG REGARDING THE

1       REPRESENTATIONS MADE TO HER AND HER SISTER'S

2       INVESTMENT ONLY FOR THE LIGHT IT SHEDS ON ANY

3       QUESTION, ON THE QUESTION OF WHETHER MR. HU WAS

4       ENGAGED IN A FRAUDULENT SCHEME AND ON HIS INTENT,

5       MOTIVE OR PLAN AT THE TIME HE OBTAINED THE MONEY

6       HE'S CHARGED WITH HAVING OBTAINED FROM BOB LIN AND

7       MARK VERDIELL

8              MR. FONG:  THAT'S FINE FROM THE DEFENSE'S

9       STANDPOINT.  IF I MAY ASK THE COURT TO ADD BACK THE

10      PHRASE, AFTER FOR THE LIGHT IT SHEDS, IF ANY.

11             THE COURT:  BUT I DIDN'T READ, IF ANY.

12             MR. FONG:  THAT'S FINE, YOUR HONOR.

13             MR. FAZIOLI:  YOUR HONOR, REGARDING THE

14      SENTENCE, MR. HU IS NOT CHARGED IN THIS CASE WITH

15      WIRE FRAUD.  I THINK TECHNICALLY THERE'S REFERENCES

16      TO INVESTORS GENERALLY BEYOND MR. LIN AND

17      MR. VERDIELL.  SO WE MIGHT PROPOSE, MR. HU IS NOT

18      SPECIFICALLY CHARGED IN THIS CASE WITH WIRE FRAUD

19      WITH RESPECT TO THE WIRES MADE BY MS. DOONG AND HER

20      SISTER, AS OPPOSED TO THE INVESTMENTS MADE.

21             BECAUSE IT IS TRUE THAT WE DID NOT

22      INCLUDE THE SPECIFIC WIRING OF MONEY THAT MS. DOONG

23      AND HER SISTER DID, BUT I DON'T -- I THINK WITHIN

24      THE AUSPICES OF THE SCHEME TO DEFRAUD, THERE'S AN

25      ARGUMENT TO BE MADE THAT MR. HU WAS CHARGED WITH --

1    THAT THEY WERE PART OF THE SCHEME TO DEFRAUD FOR

2    WHICH HE WAS CHARGED ALTHOUGH THE SPECIFIC WIRES

3    WERE NOT CHARGED.

4           MR. FONG:  YOUR HONOR, GIVEN THE

5    REFERENCES THAT MR. HU IS NOT CHARGED IN THIS CASE

6    WITH WIRE FRAUD, AS OPPOSED TO THE LANGUAGE, ANY

7    LANGUAGE ABOUT SCHEME TO DEFRAUD.

8           I THINK THE SENTENCE IS PERFECTLY FINE

9    THE WAY IT IS.

10          MR. FAZIOLI:  ALTERNATIVELY, WE COULD

11    SAY --

12          THE COURT:  HOW ABOUT IF WE JUST SAID

13    MR. HU IS NOT CHARGED IN THIS CASE WITH WIRE FRAUD

14    WITH RESPECT TO THE WIRE TRANSFERS OF MONEY MADE BY

15    MS. DOONG AND HER SISTER.

16          MR. FAZIOLI:  THAT WOULD BE ACCEPTABLE TO

17    THE GOVERNMENT.

18          MR. FONG:  YOUR HONOR, THE ONLY PROBLEM I

19    HAVE IS THAT, THAT LEAVES OPEN THE POSSIBLE

20    INTERPRETATION BY THE JURORS THAT THEY MAY REMEMBER

21    OR THEY MAY REMEMBER THAT INVESTMENTS WERE MADE BY

22    MS. DOONG BUT THEY MAY NOT REMEMBER NECESSARILY

23    THAT IT WAS BY WIRE TRANSFER OR NOT.

24          I THINK THE ORIGINAL LANGUAGE ABOUT, WITH

25    RESPECT TO THE INVESTMENTS MADE BY MS. DOONG, WOULD

1    BE FROM THE DEFENSE'S STANDPOINT, MUCH MORE -- IT

2    WOULD BE MUCH MORE INCLUSIVE MAKING SURE THAT THE

3    JURORS DO NOT FIND MR. HU GUILTY BASED ON ANY

4    INVESTMENT MADE BY MS. DOONG.

5            THE COURT:  WE COULD SAY WIRE FRAUD WITH

6    RESPECT TO THE MONEY TRANSFERS.  THE WIRE TRANSFERS

7    OF MONEY?

8            MR. FONG:  THAT WOULD BE FINE WITH THE

9    DEFENSE.

10           MR. FAZIOLI:  AND I THINK GIVEN THE

11   NATURE OF -- ANTICIPATE THE VERDICT FORM.  I DON'T

12   THINK THERE'S REAL RISK OF CONFUSION IN THAT

13   REGARD.

14           THE COURT:  DO YOU HAVE ANY PROBLEM WITH

15   WIRE TRANSFERS OF MONEY.

16           MR. FAZIOLI:  THAT'S FINE.

17           THE NEXT SENTENCE, YOU MAY CONSIDER THE

18   FAMILIAR OF MS. DOONG REGARDING REPRESENTATIONS

19   MADE TO HER AND --

20           THE COURT:  THAT'S A LITTLE BIT AWKWARD.

21           WHY DON'T WE JUST SAY, YOU MAY CONSIDER

22   THE TESTIMONY OF MS. DOONG REGARDING THE

23   REPRESENTATIONS MADE TO HER ONLY FOR THE LIGHT IT

24   SHEDS

25           MR. FONG:  I THINK THAT'S APPROPRIATE,

934

1    YOUR HONOR, BECAUSE HER SISTER WAS CLEARLY NOT THE

2    RECIPIENT OF ANY ALLEGED REPRESENTATIONS.

3            MR. LUCEY:  EXCEPT IN WRITING.  SHE

4    DIDN'T OFFER TESTIMONY HERE BUT IT WAS INDICATED

5    THE SISTER, SHE WAS LOOKING AT THE DOCUMENTS,

6    MS. DOONG LOOKED OVER THE DOCUMENTS FOR THE BENEFIT

7    OF HER SISTER.

8            MR. FAZIOLI:  IF THAT'S THE CASE, WE

9    MIGHT JUST MAYBE PERHAPS THE REPRESENTATION MADE TO

10   HER AND HER SISTER, TO BE CLEAR IF THAT'S THE

11   INSTRUCTION IT APPLIES TO THOSE.

12           MR. LUCEY:  SO IT WOULD INCLUDE

13   REPRESENTATIONS MADE TO MS. DOONG IN CONNECTION

14   WITH HER OWN AND HER SISTER'S INVESTMENT.

15           THE COURT:  ANY PROBLEM WITH MADE TO HER

16   AND HER SISTER?

17           MR. FONG:  IT INJECTS A PHRASING THERE,

18   YOUR HONOR, THAT I DO NOT BELIEVE THE EVIDENCE

19   COVERS.  I DO NOT RECALL THE EVIDENCE COVERING THE

20   FACT THAT -- WELL, FIRST OF ALL MS. DOONG WOULD NOT

21   BE IN A POSITION TO TESTIFY AS TO WHAT HER SISTER

22   HEARD OR READ.

23           SO I THINK, AND IT WAS CLEAR SHE WAS

24   ACTING, THE THING SHE WAS DOING WERE ON HER OWN

25   BEHALF AND HER SISTER'S BEHALF.  SO I THINK IF SHE

1    WAS -- IF YOU WILL, THE RECIPIENT OF ANY --

2              THE COURT:  I THINK IF WE JUST LEAVE IT,

3    REPRESENTATIONS MADE TO HER, IT'S CLEAR ENOUGH.

4              MR. FONG:  THANK YOU.

5              MR. FAZIOLI:  OKAY.  MOVING ON TO JURY

6    INSTRUCTION 13.  WE DISCUSSED THE TABLE AND WE WILL

7    E-MAIL THE COURT THE TABLE WE HAVE IN OUR TRIAL

8    STIPULATION BETWEEN THE PARTIES.

9              THE GOVERNMENT IS GENERALLY ACCEPTS THE

10   CHARGES AGAINST DEFENDANT PROPOSED BY THE COURT.  I

11   THINK IT MIGHT BE SLIGHTLY CLEARER IF INSTEAD OF AT

12   THE BOTTOM IT SAID, THE FOLLOWING TRANSFERS OF

13   FUNDS, IT INDICATED THE FOLLOWING WIRES.  AND THEN

14   SORT OF SEQUENCE INTO THE WIRES THAT ARE LISTED IN

15   THE INDICTMENT

16             MR. LUCEY:  WIRES OR WIRE COMMUNICATION.

17             THE COURT:  SO JUST TAKE FOLLOWING

18   WIRES --

19             MR. FAZIOLI:  FOLLOWING WIRES OR WIRE

20   COMMUNICATIONS.  THEN SUBSEQUENTLY HAVE THE TABLE

21   MODIFIED TO REFLECT THE TRIAL STIPULATION NUMBER

22   TWO.

23             THE COURT:  I DON'T SEE ANY SUBSTANTIVE

24   DIFFERENCE.

25             MR. FONG:  I DON'T HAVE AN OBJECTION TO

1    THAT PROPOSED CHANGE, YOUR HONOR.

2              I DID PROPOSE A COUPLE OF ADDITIONAL

3    SENTENCES FOR INSTRUCTION 13.  IT'S SET FORTH ON

4    PAGE FOUR OF MY PLEADING.  THE ADDITIONS ARE

5    HIGHLIGHTED AND IN BRACKETS.  THE PROPOSED

6    ADDITIONS, I SHOULD SAY.

7              MR. FAZIOLI:  AND THE GOVERNMENT WOULD

8    RESPECTFULLY DISAGREE WITH THESE SUGGESTIONS.

9              AS TO THE FIRST ONE, THERE IS LANGUAGE

10   SOMEWHAT LIKE THAT, SLIGHTLY DIFFERENT IN THE

11   INDICTMENT, BUT I'M NOT REALLY SURE IT'S NECESSARY

12   TO ADD PURPOSES OF THE SCHEME TO DEFRAUD.

13             AND I THINK THE PRIOR SENTENCE GIVES A

14   SUFFICIENT INTRODUCTION TO THE FRAUD.  AND THE

15   SCHEME IN THE INDICTMENT GOES THROUGH THE

16   PARAGRAPHS AND CONTINUES ON -- I THINK JUST

17   INCLUDING THAT PARTICULAR --

18             THE COURT:  I AGREE.  I DON'T THINK IT'S

19   NECESSARY.  I THINK IT'S ADEQUATELY COVERED

20   ELSEWHERE.

21             HOW ABOUT THE LAST SENTENCE?

22             MR. FAZIOLI:  THE LAST SENTENCE I THINK

23   THE -- WITH THE PROPOSED CHANGE THAT THE LANGUAGE

24   OF THE COURT, HAVE IT TO REFLECT WIRES OR WIRE

25   COMMUNICATIONS AT THE END AND THEN THE TABLE, I

1    THINK WOULD CONVEY MORE EFFICIENTLY A NOTION THAT

2    THESE WERE THE PARTICULAR WIRES THAT THE PARTIES

3    WERE LOOKING AT.  SO WE DON'T REALLY THINK IT'S

4    NECESSARY TO INCLUDE THE PROPOSED --

5            MR. LUCEY:  AND THE TRIAL STIPULATION TWO

6    LANGUAGE THAT WE ARE PROPOSING ADDING I THINK EVEN

7    HAS AGREED ON, REFERENCES AS TO EACH WIRE THE

8    PERSON INVOLVED, MR. LIN OR MR. VERDIELL AS

9    APPROPRIATE.

10           MR. FAZIOLI:  IT WOULD SAY, AN INTERSTATE

11   WIRE TRANSFER OF HUNDRED THOUSAND DOLLARS SENT BY

12   OR ON THE BEHALF OF MR. LIN.

13           MR. FONG:  YOUR HONOR, I BELIEVE THAT --

14   THE DEFENSE'S POSITION IS THE TWO PROPOSED

15   ADDITIONS ARE NECESSARY BECAUSE THE GOVERNMENT

16   CLEARLY DELIBERATELY CHOSE TO INDICT THIS CASE AND

17   TO PRESENT AS EVIDENCE IN THIS CASE IN A PARTICULAR

18   MANNER.

19           THE GOVERNMENT HAS MADE RELIANCE AND

20   INDUCEMENT AN ESSENTIAL PART OF ITS CASE.

21           THE JURORS ARE ENTITLED TO SEE WHAT THE

22   GOVERNMENT HAS CHARGED AND THEN WHAT THE -- AND

23   THEN WHETHER OR NOT THE PROOF CONFORMS WITH THE

24   CHARGES.

25           AND I THINK IT WOULD BE VERY CONFUSING TO

1   THE JURORS NOT TO -- TO NOW BE LEFT WITH THINKING

2   THAT WHAT THIS CASE IS ABOUT IS NOT THE FACT THAT

3   THE GOVERNMENT CHOSE TO MAKE RELIANCE AN ESSENTIAL

4   PART OF ITS FACTUAL PRESENTATION.

5           MR. FAZIOLI:  I -- RESPECTFULLY, I THINK

6   THE PROPOSED CHARGES OR THE PROPOSED LANGUAGE THE

7   COURT INCLUDED IS SUFFICIENT.  IT DOES INDICATE

8   THAT THE DEFENDANT DEVISED A SCHEME TO DEFRAUD THEN

9   CAUSED TO BE TRANSMITTED IN INTERSTATE OR FOREIGN

10  COMMERCE CERTAIN WIRE COMMUNICATIONS OR WIRES.

11  THAT'S WHAT WAS PUT FORWARD IN THE INDICTMENT, THE

12  PARTIES STIPULATED TO IT.

13          THE COURT WILL -- THE JURY WILL ALSO BE

14  INSTRUCTED ON THE VARIOUS ELEMENTS OF WIRE FRAUD

15  WHICH INCLUDE VARIOUS SUBSTANTIVE ELEMENTS WHICH I

16  THINK LAY OUT IN THE FORM THE NECESSARY

17  REQUIREMENTS FOR THE GOVERNMENT TO MEET ITS BURDEN

18  OF PROVING THAT THE DEFENDANT IS GUILTY OF WIRE

19  FRAUD.

20          MR. FONG:  I SEE A REAL DANGER OF A

21  VARIANCE, YOUR HONOR, IF THE GOVERNMENT HAVING

22  CHARGED A CASE IN A PARTICULAR WAY AND THEN

23  PRESENTED ITS EVIDENCE IN A PARTICULAR WAY, NOW AT

24  THE STAGE OF JURY INSTRUCTION AND CLOSING ARGUMENTS

25  SORT OF LEAVE OUT A KEY PART OF WHAT THIS CASE IS

```
1    ABOUT.
2              MR. FAZIOLI:  I DON'T UNDERSTAND WHAT THE
3    KEY PART THE GOVERNMENT IS LEAVING OUT.
4              THE COURT:  WELL, I THINK WHAT HE'S
5    SAYING IS THAT YOU TURNED THIS INTO A CASE THAT
6    INVOLVES A REQUIREMENT THAT -- TO INVESTORS,
7    JUSTIFIABLY RELIED ON THE REPRESENTATIONS THAT WERE
8    MADE.  THAT'S WHAT I THINK HE'S BASICALLY SAYING.
9              I FRANKLY DON'T SEE IT THAT WAY IN THE
10   SENSE THAT I DO THINK THAT THERE WAS EVIDENCE OF
11   WHY THE INVESTMENTS WERE MADE AND WHAT DIFFERENCE
12   SOME OF THE REPRESENTATIONS MADE, BUT I'M NOT SURE
13   THAT MEANS THAT THE PROOF HAS TO BE THAT THE
14   GOVERNMENT -- THAT THE DEFENDANTS JUSTIFIABLY
15   RELIED ON THE REPRESENTATIONS.  I THINK THE ISSUE
16   IS WHETHER OR NOT THE REPRESENTATIONS WERE MATERIAL
17   AND THAT'S AN OBJECTIVE STANDARD ON WHICH PERHAPS
18   WHAT AN INDIVIDUAL DID OR DID NOT DO MIGHT HAVE
19   SOME TENDENCY TO PROVE.  BUT I DON'T THINK IT MAKES
20   IT AN ELEMENT OF THE OFFENSE.
21             MR. FONG:  AND YOUR HONOR, TO FOLLOW UP
22   ON THAT, THE GOVERNMENT THROUGHOUT THIS ENTIRE CASE
23   REPEATEDLY PRESENTED EVIDENCE THAT MR. VERDIELL
24   READ REPRESENTATION X AND THAT HE WOULD NOT HAVE
25   MADE THE INVESTMENT BUT FOR THAT REPRESENTATION.
```

1          CLEARLY, THE GOVERNMENT HAS MADE A

2     FACTUAL ISSUE OUT OF RELIANCE IN THIS CASE.  AND

3     EVEN THOUGH OF COURSE RELIANCE MAY NOT BE A

4     TECHNICAL ELEMENT, BUT THE GOVERNMENT HAS MADE

5     RELIANCE EQUAL TO MATERIALITY IN THIS PARTICULAR

6     CASE.

7          I DON'T THINK THEY CAN NOW AT THIS STAGE

8     SAY THAT RELIANCE IS NOT A FACTOR.  THEY HAVE MADE

9     THAT AN ESSENTIAL PART OF THEIR CASE AND IT IS --

10    IT DOES REFLECT ON WHAT IS MATERIAL AND WHAT IS

11    NOT.  BECAUSE WE CANNOT DIVORCE, SAY,

12    MR. VERDIELL'S REPEATED STATEMENTS THAT YES, I READ

13    A, B, C, D, E, F, MISREPRESENTATIONS AND STATEMENTS

14    AND THEY WERE FALSE AND I RELIED ON THESE FALSE

15    STATEMENTS IN MAKING MY DECISION TO INVEST IN

16    FIRESIDE.

17          SO GIVEN THE STATE OF THE EVIDENCE AND

18    GIVEN HOW THE GOVERNMENT DELIBERATELY CHOSE TO

19    INDICT THIS PARTICULAR CASE, BECAUSE THE PROPOSED

20    LANGUAGE THAT I HAVE IN HERE, YOUR HONOR, CAME

21    DIRECTLY OUT OF THE INDICTMENT.  AND I'M HAPPY TO

22    SHARE WITH THE COURT THE SPECIFIC PAGE AND LINE OF

23    THE INDICTMENT WHERE I LIFTED THAT LANGUAGE.

24          I DID NOT MAKE UP THAT LANGUAGE.  THE

25    LANGUAGE CAME DIRECTLY FROM THE INDICTMENT.

1           MR. FAZIOLI:  WE RESPECTFULLY DISAGREE

2  WITH THE NOTION THAT THERE'S AN ADDITIONAL RELIANCE

3  ELEMENT TO THE WIRE FRAUD OFFENSE BEYOND THE

4  MATERIALITY REQUIREMENT.

5           MR. FONG:  AND I'M NOT ARGUING FOR AN

6  ADDITIONAL ELEMENT.  I'M SAYING AS A FACTUAL

7  MATTER, YOUR HONOR, THE GOVERNMENT HAS MADE THE

8  FACT OF WHETHER OR NOT MR. VERDIELL HAD, FOR

9  EXAMPLE, RELIED ON A PARTICULAR REPRESENTATION IN

10  DOING WHAT HE DID.

11           THE GOVERNMENT HAS MADE THAT AN ESSENTIAL

12  PART OF THIS CASE.  I WOULD SAY A GOOD 50 PERCENT

13  OF THIS CASE IS ABOUT MR. LIN AND MR. VERDIELL

14  TESTIFYING, YES, I READ THIS STATEMENT.  YES, THIS

15  STATEMENT WAS MADE TO ME, AND BECAUSE OF THIS

16  PARTICULAR STATEMENT I MADE THE DECISION TO INVEST.

17  IT IS AN ESSENTIAL PART OF THE FACTUAL DISPUTE IN

18  THIS CASE.  WE CAN NOT GET AWAY FROM IT.

19           MR. FAZIOLI:  I RESPECTFULLY DISAGREE.  I

20  THINK THE COURT'S JURY INSTRUCTION LAYING OUT

21  CHARGES AGAINST THE DEFENDANT IS ACCURATE.  WE ARE

22  CHARGING, HE'S CHARGED WITH SEVEN COUNTS OF WIRE

23  FRAUD.  THE DEFENDANT KNOWINGLY AND INTENTIONALLY

24  DEVISED A SCHEME TO DEFRAUD WHICH CAUSED WIRE

25  TRANSFERS AND WIRE COMMUNICATIONS.  THAT'S WHAT WAS

1    PUT FORWARD IN THE INDICTMENT.  AND WE THINK THAT

2    THAT'S -- THAT COUPLED WITH THE WIRE FRAUD MODEL

3    INSTRUCTION IS APPROPRIATE, IT'S THE LAW, AND LAYS

4    OUT WHAT THE CHARGES ARE AGAINST THE DEFENDANT AND

5    WHAT THE ELEMENTS ARE AGAINST THE DEFENDANT.

6         THE COURT:  OKAY.  LET'S PASS THAT FOR A

7    MOMENT BECAUSE THERE'S ONE OTHER INSTRUCTION THAT

8    PERHAPS IS RELATED TO THAT.

9         SO WHAT'S YOUR NEXT ISSUE, IF YOU HAVE

10   ONE?

11        MR. FAZIOLI:  JURY INSTRUCTION NUMBER 14,

12   WE HAD A COUPLE OF COMMENTS.

13        THE -- IT SAYS SCHEME TO DEFRAUD OR

14   OBTAIN MONEY OR PROPERTY BY FALSE PROMISES.

15        TO THE EXTENT THE COURT IS USING THIS

16   LANGUAGE OF FALSE OR FRAUDULENT PRETENSES,

17   REPRESENTATIONS OR PROMISES, WE THOUGHT IF THAT WAS

18   GOING TO BE IN THE TEXT THEN IT PERHAPS SHOULD BE

19   IN THE HEADER AS WELL.  SO THAT WAS A PROPOSED EDIT

20   TO THE TITLE OF THIS JURY INSTRUCTION NUMBER 14.

21        THE COURT:  ALL RIGHT.

22        MR. FAZIOLI:  AND PARAGRAPH, THE ONE THAT

23   SAYS, FIRST WITH ALL OF YOU AGREEING ON AT LEAST

24   ONE PARTICULAR -- IT SAYS FRAUDULENT AND WE THOUGHT

25   THAT SHOULD READ FALSE OR FRAUDULENT, TO TRACK THAT

1    LANGUAGE EARLIER IN THE SENTENCE.

2           THE COURT:  I THINK YOU ARE BEING REALLY

3    PICKY.  I TRIED TO BE CONSISTENT WITH USING -- I'M

4    NOT SURE WHAT IN THE FIRST SENTENCE, IT SAYS FIRST

5    THE DEFENDANT KNOWINGLY DEVISED A SCHEME,

6    ET CETERA.

7           WHAT, BY MEANS OF FALSE SAYS THAT

8    WOULDN'T BE COVERED BY MEANS OF FRAUDULENT.  IN

9    OTHER WORDS I'M NOT SURE THE OF FALSE OR NEEDS TO

10   BE IN THERE.  THEN IT WOULD BE CONSISTENT WITH THE

11   REST OF THE INSTRUCTION.

12           DO YOU SEE ANY SIGNIFICANCE TO THAT?

13   GIVEN THE OTHER WORDING IN THE SENTENCE, I DON'T

14   THINK A JURY COULD EVER CONCLUDE THIS, BUT THE ONE

15   PROBLEM I HAVE WITH JUST USING FALSE IS THAT

16   SOMETHING COULD BE FALSE BUT NOT PART OF A

17   FRAUDULENT SCHEME.  YOU COULD MAKE A FALSE

18   STATEMENT BUT NOT BE INTENDING TO DEFRAUD

19           MR. FAZIOLI:  THAT SORT OF SEGWAYS INTO

20   OUR NEXT POINT WHICH MIGHT BE A LITTLE MORE

21   SUBSTANTIVE.  WHICH IS THE MODEL OF OUR PROPOSED

22   INSTRUCTION ADDED AN INDICATION THAT THE DEFENDANT

23   KNEW THAT THE PRETENSES OR REPRESENTATIONS OR

24   PROMISES WERE FALSE OR FRAUDULENT.

25           AND THAT ISN'T, THERE'S THE KNOWINGLY

1    ADVERB THAT'S IN THE FIRST PARAGRAPH BUT THE COURT

2    MAY CONSIDER WHETHER IT WANTS TO ADD THAT, BREAK

3    OUT THE FACT THAT THE DEFENDANT KNEW THAT THE

4    PRETENSES, REPRESENTATIONS OR PROMISES WERE FALSE

5    OR FRAUDULENT.  WHETHER THAT SHOULD BE LISTED AS AN

6    ELEMENT.

7              THE COURT:  ARE YOU THINKING IT SHOULD

8    BE?

9              MR. FAZIOLI:  I THINK IT PROBABLY SHOULD

10   BE.

11             MR. LUCEY:  IT MIGHT BE GOOD TO TRACK

12   THAT MODEL LANGUAGE.

13             MR. FAZIOLI:  NOW, THERE ISN'T A MODEL

14   INSTRUCTION I THINK FOR THE WIRE FRAUD.

15             MR. LUCEY:  WE TOOK IT, YOUR HONOR, WE

16   TOOK OUR INSTRUCTION FROM A COMBINATION OF 8.121

17   8.124 IN THE 2010 ADDITION.

18             MR. FAZIOLI:  I THINK IT DOES INDICATE

19   THAT ONE OF THE ELEMENTS IS THAT THE DEFENDANT KNEW

20   THAT THE STATEMENTS OR PRETENSES OR REPRESENTATIONS

21   OR PROMISES WERE FALSE OR FRAUDULENT.

22             THE COURT:  I DON'T SEE IT IN THE MODEL

23   INSTRUCTION BUT I'M HAPPY TO ADD IT.

24             MR. FAZIOLI:  WELL, IF THIS IS THE MODEL

25   INSTRUCTION THEN IT'S CHANGED AND WE WILL NOT RAISE

1    THAT CONCERN.

2              THE COURT:  WHAT DID YOU MODEL IT AFTER?

3              MR. LUCEY:  WE HAD TAKEN IT AFTER, WE

4    THOUGHT FROM THE MOST CURRENT INSTRUCTION,

5    YOUR HONOR.  BUT PERHAPS THEY'VE MODIFIED IT AGAIN.

6              THE COURT:  DID THE ONE YOU HAVE, HAVE

7    THE LANGUAGE ALL OF YOU AGREEING ON AT LEAST ONE

8    PARTICULAR FRAUDULENT?

9              MR. LUCEY:  YES, IT DID.

10             THE COURT:  BECAUSE -- I DON'T THINK

11   THAT'S IN THERE ANYMORE AND I PUT IT IN BECAUSE YOU

12   ASKED FOR IT.

13             MR. FAZIOLI:  WE DO THINK -- WE AGREE

14   THAT SHOULD BE IN THERE.  IF THE MODEL INSTRUCTIONS

15   DO NOT INCLUDE THE -- IF THESE TRACK THE MODEL

16   INSTRUCTIONS THEN OTHERWISE WE DON'T HAVE A PROBLEM

17   WITH THAT.

18             THE OTHER EDIT THEN WOULD BE AFTER

19   SUBSECTION --

20             THE COURT:  I DON'T KNOW HOW YOU ACT WITH

21   THE INTENT TO DEFRAUD WITHOUT ACTING KNOWINGLY.

22             MR. LUCEY:  OH, NO, WE AGREE KNOWLEDGE

23   SHOULD BE THERE YOUR HONOR.  IT'S JUST WHETHER IT

24   COMES FROM A BREAK DOWN.

25             THE COURT:  IT SAYS KNOWINGLY DEVISED A

1  SCHEME.

2         MR. FAZIOLI:  I THINK THAT'S PROBABLY

3  SUFFICIENT, ESPECIALLY IF IT TRACKS --

4         MR. LUCEY:  IT WOULDN'T HURT TO HAVE THE

5  KNOWLEDGE THING IN.

6         THE COURT:  WHERE DID YOU WANT KNOWLEDGE

7  IN?

8         MR. LUCEY:  WE HAD ORIGINALLY PROPOSED AS

9  THE SECOND ELEMENT YOUR HONOR, WOULD HAVE READ

10  SECRETARY THE DEFENDANT KNEW THE PROMISES OR

11  STATEMENTS WERE FALSE OR FRAUDULENT.

12         MR. FAZIOLI:  AND I THINK IT SHOULD

13  PROBABLY TRACK WHATEVER IF THE COURT IS GOING TO

14  USE THE LANGUAGE OF PRETENSES, REPRESENTATIONS OR

15  PROMISES, THEN PERHAPS IT SHOULD SAY THE DEFENDANT

16  KNEW THAT THE PRETENSES, REPRESENTATIONS OR

17  PROMISES WERE FALSE OR FRAUDULENT.

18         THE COURT:  OKAY.  THAT THE DEFENDANT

19  KNEW THE PRETENSES, REPRESENTATIONS OR PROMISES

20  WERE FALSE?

21         MR. FAZIOLI:  OR FRAUDULENT.

22         MR. LUCEY:  FALSE OR FRAUDULENT.

23         THE COURT:  AGAIN, I'M HAVING TROUBLE

24  SEEING WHERE YOU KNOW SOMETHING IS FALSE AND YOU

25  REPRESENT IT, HOW CAN IT NOT BE FRAUDULENT?  BUT

1    I'LL PUT IT IN.

2             OKAY.

3             MR. FAZIOLI:  SO THEN THAT WOULD CHANGE

4    THE PARAGRAPH NUMBERING, IF THAT WAS INCLUDED.

5             THE COURT:  RIGHT.

6             MR. FAZIOLI:  THEN AFTER THE WIRE

7    SECTION, WE HAD PROPOSED THE DEFENDANT NEED NOT

8    HAVE INTENDED THE USE OF WIRES NOR HAVE BEEN AWARE

9    OF THE USE OF WIRES.  I THINK THAT TRACKS THE LAW.

10            THE COURT:  WHAT DID YOU WANT TO ADD?

11            MR. FAZIOLI:  I'M SORRY?

12            THE COURT:  TELL ME WHAT YOU WANTED TO

13   ADD WHERE.

14            MR. FAZIOLI:  FOURTH, THE DEFENDANT USED

15   OR CAUSED TO BE USED IN INTERSTATE WIRES TO CARRY

16   OUT AN ESSENTIAL PART OF THE SCHEME, AND WE WOULD

17   PROPOSE TO ADD, THE DEFENDANT NEED NOT HAVE

18   INTENDED THE USE OF WIRES NOR HAVE BEEN AWARE OF

19   THE USE OF THE WIRES.

20            THE COURT:  IS THAT THE LAW?

21            MR. FONG:  IT'S -- YOUR HONOR, THAT'S NOT

22   IN THE MODEL INSTRUCTION.

23            THE COURT:  I KNOW IT'S NOT IN THE MODEL

24   INSTRUCTION.  I'M NOT COMFORTABLE WITHOUT SOME

25   CITATION THAT THAT'S THE LAW.

1              MR. FAZIOLI:  WE DO THINK IT'S THE LAW,

2      BUT I THINK THAT IT'S NOT NECESSARY TO BE ADDED

3      UNDER THE CIRCUMSTANCES.

4              MR. LUCEY:  AND YOUR HONOR, I THINK IT'S

5      IN THE COMMENT TO AT LEAST A VERSION OF THE RULES

6      WE, THE INSTRUCTIONS WE WERE LOOKING TO.  BUT AGAIN

7      IF THE COURT IS NOT COMFORTABLE, WE'LL FOREGO IT.

8              MR. FAZIOLI:  THEN DOWN AT THE BOTTOM OF

9      THIS PARAGRAPH WHERE THERE'S A DISCUSSION OF

10     MATERIALITY AND THE LAST LINE OF THE PAGE, THE LINE

11     THAT SAYS, REPRESENTATION OR PROMISE, IT SAYS BE OF

12     TYPE THEN PERHAPS THE WORD THE SHOULD BE ADDED.

13             THE COURT:  OKAY.

14             MR. FAZIOLI:  AND THAT'S IT FOR OUR

15     COMMENTS AS TO JURY INSTRUCTION 14, ALTHOUGH I KNOW

16     THE DEFENSE HAS SOME.

17             MR. FONG:  YES, YOUR HONOR.  AND I WILL

18     LET THE COURT HAVE A MOMENT TO --

19             THE COURT:  OKAY.

20             MR. FONG:  YOUR HONOR, AS TO OUR PROPOSED

21     CHANGES.  THE FIRST ONE IS RELATIVELY MINOR ON LINE

22     EIGHT OF THE COURT'S INSTRUCTION NUMBER 14.

23             WE WOULD PROPOSE THAT IT READ, BEYOND A

24     REASONABLE DOUBT WITH RESPECT TO THAT PARTICULAR

25     COUNT, AS OPPOSED TO THE COUNT.

1          THE COURT:  I DON'T HAVE A PROBLEM WITH

2     THAT.

3          MR. FONG:  OKAY.  THEN MOVING ON, THE

4     SECOND PART ON LINES, AROUND LINES 23 THROUGH 25,

5     WE WOULD PROPOSE ADDING THE LANGUAGE THAT CAME FROM

6     U.S. V NEDER AS OPPOSED TO THE LANGUAGE OF A

7     POTENTIAL INVESTOR DEPART WITH MONEY.

8          WE BELIEVE THE NEDER DECISION, OPINION,

9     IS THE GOVERNING LAW AND THAT -- THAT LANGUAGE

10    COMES DIRECTLY OUT OF NEDER.

11         THE COURT:  I AGREE WITH THE LATTER PART

12    THAT IT'S LANGUAGE DIRECTLY OUT OF NEDER.  I DON'T

13    SEE WHERE IT IS DIFFERENT THAN WHAT I HAVE AND THE

14    PROBLEM I HAVE WITH USING THE NEDER LANGUAGE

15    UNMODIFIED IS THAT WE ARE NOT DEALING WITH A

16    DECISION MAKING BODY IN THIS CASE EXCEPT TO THE

17    EXTENT YOU LOOK AT AN INDIVIDUAL AS A DECISION

18    MAKING BODY.

19         AND NEDER, I THINK WE ARE TALKING ABOUT

20    AN IRS AGENCY OR WE ARE DEALING WITH A BANK.  BUT I

21    THINK DECISION MAKING BODY IS CONFUSING IN THE

22    CIRCUMSTANCES OF THIS CASE.

23         MR. FAZIOLI:  WE WOULD AGREE WITH THAT,

24    YOUR HONOR.

25         MR. FONG:  HOW ABOUT THEN, YOUR HONOR,

1      THE DECISION OF THE, THE DECISION OF THE PERSON TO

2      WHICH THE FRAUDULENT PRETENSE, REPRESENTATION OR

3      PROMISE WAS MADE OR ADDRESSED.  THAT SIMPLY

4      SUBSTITUTE IN, I AGREE WITH THE COURT IT'S SLIGHTLY

5      AWKWARD TO SAY, DECISION MAKING BODY.  SO WE

6      SUBSTITUTE IN THE PERSON OR INDIVIDUAL, HOW IS

7      THAT?

8              MR. FAZIOLI:  YOUR HONOR, WE WOULD HAVE A

9      CONCERN WITH THAT AS THAT SEEMS TO BE A WAY OF

10     SUBMITTING A SUBJECTIVE STANDARD AS OPPOSED TO AN

11     OBJECTIVE STANDARD.

12             THE MODEL INSTRUCTION TALKS ABOUT NATURAL

13     TENDENCY TO INFLUENCE OR CAPABLE OF INFLUENCING A

14     PERSON TO PART WITH MONEY OR PROPERTY.

15             MR. FONG:  BUT YOUR HONOR, THE REASON WHY

16     NEDER IS IMPORTANT IS THAT IT DOESN'T -- IT DOES

17     NOT LIMIT THE OBJECTIVE SPIRIT, IF YOU WILL,

18     YOUR HONOR -- IT DOES NOT DEFINE THE OBJECTIVE

19     SPIRIT AS EVERYBODY OUT THERE IN THE UNIVERSE.  BUT

20     RATHER, THE BODY OF INDIVIDUALS TO WHOM THESE

21     INVESTMENTS WERE MADE SO THAT WITHIN THAT GROUP,

22     THAT OBJECTIVE STANDARD MAY VERY WELL BE DIFFERENT

23     FROM A MASSIVE MAILING THAT IS SENT OUT TO 200

24     MILLION PEOPLE AROUND THE COUNTRY.

25             MR. FAZIOLI:  WE WOULD SUBMIT YOUR

951

1    PROPOSED INSTRUCTION YOUR HONOR ADDRESSES THAT, THE

2    LANGUAGE OF ANY PARTICULAR INVESTOR, WE THINK

3    ADDRESSES THE CONCERN.

4         MR. LUCEY:  I THINK IT WAS VERY CLEAR

5    TESTIMONY ON THE RECORD FROM MULTIPLE WITNESSES

6    REGARDING THE POTENTIAL INVESTORS IN THESE FUNDS AS

7    TO WHAT THE NATURE OF THOSE POTENTIAL PEOPLE WERE

8    GOING TO BE, AS OPPOSED TO THE ENTIRE UNIVERSE OF

9    POTENTIAL INDIVIDUALS.

10        THE COURT:  HOW ABOUT IF I MODIFIED IT TO

11   READ, RATHER MATERIALITY ONLY REQUIRES THAT THE

12   PRETENSE, REPRESENTATION OR PROMISE BE OF THE TYPE

13   THAT WOULD HAVE A TENDENCY TO INFLUENCE OR BE

14   CAPABLE OF INFLUENCING A POTENTIAL INVESTOR IN THE

15   TYPE OF FUND INVOLVED TO PART WITH MONEY.

16        MR. FONG:  MAY I TROUBLE THE COURT TO

17   READ THAT AGAIN.  I APOLOGIZE, YOUR HONOR.  I GOT

18   MOST OF IT BUT I JUST WANT TO BE SURE.  THANK YOU.

19        THE COURT:  RATHER MATERIALITY ONLY

20   REQUIRES THAT THE PRETENSE, REPRESENTATION OR

21   PROMISE BE OF THE TYPE THAT WOULD HAVE A TENDENCY

22   TO INFLUENCE OR BE CAPABLE OF INFLUENCING A

23   POTENTIAL INVESTOR IN THE TYPE OF FUND INVOLVED TO

24   PART WITH MONEY.

25        MR. FONG:  YOUR HONOR, THAT PROPOSED

1    CHANGE IS ACCEPTABLE TO THE DEFENSE.  HOWEVER, WE

2    STILL FEEL VERY STRONGLY THAT THE SENTENCE ABOUT

3    MATERIALITY DOES NOT MEAN THAT ANY PARTICULAR

4    POTENTIAL INVESTOR SUCH AS MR. LIN OR MR. VERDIELL

5    HAD TO JUSTIFIABLY RELY ON THE PRETENSE

6    REPRESENTATION OR PROMISE.

7         SO WHAT WE WOULD ASK THE COURT TO DO IS

8    TO STRIKE THAT.  SENTENCE AND THEN WE COULD STRIKE

9    THE WORD RATHER WITH THE NEXT SENTENCE THEN GO WITH

10   WHAT THE COURT READ INTO THE RECORD.

11        WE BELIEVE THE SENTENCE ABOUT MATERIALITY

12   DOES NOT MEAN, IS PROBLEMATIC IN LIGHT OF THE

13   EVIDENCE SUBMITTED IN THIS CASE IN TERMS OF THE

14   JURORS COULD SEE THAT AS A DIRECTIVE THAT THEY

15   CANNOT CONSIDER WHAT IT IS THAT MR. VERDIELL -- THE

16   QUESTION OF WHETHER OR NOT MR. VERDIELL ACTUALLY

17   MEANT WHAT HE TESTIFIED TO WHEN HE SAID YES, I

18   RELIED ON THE PILLSBURY LAW FIRM BEING THE COUNSEL

19   FOR THE FIRESIDE FUND.

20        IN ESSENCE, THAT PARTICULAR SENTENCE

21   WOULD TAKE AWAY THE SIGNIFICANCE OF WHETHER OR NOT

22   THAT PARTICULAR STATEMENT OR THAT TESTIMONY WAS

23   TRUE OR NOT.

24        MR. FAZIOLI:  YOUR HONOR, FOR THE RECORD,

25   MR. VERDIELL DID NOT -- I WANT TO BE CLEAR.  HE DID

1    NOT TESTIFY ABOUT THE PILLSBURY FIRM.  WE DID NOT

2    ASK HIM ABOUT THAT SO I WANT THE RECORD TO BE CLEAR

3    ON THAT.

4           SECONDLY, WE DO NOT BELIEVE THERE'S A

5    JUSTIFIABLY ELEMENT IN THE STATUTE AND I THINK THEY

6    BE INSTRUCTED AS PUT FORWARD HERE.

7           AS FOR THE --

8           MR. LUCEY:  AND I WOULD ALSO ADD TO THE

9    EXTENT WE STRIKE OUT THE SECOND SENTENCE OF THE

10   COURT'S ORIGINAL INSTRUCTION BEGINNING AT

11   MATERIALITY DOES NOT MEAN, IT ALMOST MAKES THE LAST

12   SENTENCE MOOT BECAUSE IT ONLY INFORMS THE SENTENCE

13   AHEAD OF IT.

14          MR. FONG:  WHAT I WOULD SUGGEST,

15   YOUR HONOR, IS THAT PERHAPS -- I APOLOGIZE.  I'M

16   READING FROM MY COPY WHICH HAS THE LINE NUMBER.

17   BUT THE PARAGRAPH STARTING WITH, A PRETENSE,

18   REPRESENTATION OR PROMISE IS MATERIAL.

19          PERHAPS THE BEST WAY TO ACCOMMODATE WHAT

20   HAS BEEN SAID IS TO SIMPLY HAVE, THE SENTENCE THAT

21   THE COURT READ PUT IN PLACE OF THAT SENTENCE AND

22   THEN STOPPING THERE.

23          THAT IS TO SAY, SOMETHING ALONG THE LINES

24   OF, IN ESSENCE, MATERIALITY IS DEFINED AS SOMETHING

25   THAT HAS A NATURAL TENDENCY OR IS -- NATURAL

1    TENDENCY TO INFLUENCE OR BE CAPABLE OF INFLUENCING,

2    I THINK THE COURT SAID SOMETHING TO THE EFFECT OF

3    THE POTENTIAL INVESTORS IN THIS TYPE OF FUND TO

4    WHICH THE PROMISES WERE MADE.

5           THEN SIMPLY END IT THERE.  BECAUSE THE

6    MODEL INSTRUCTION DOES NOT HAVE THE LANGUAGE

7    CONCERNING FURTHER DEFINITION AND MATERIALITY.  AND

8    IT CERTAINLY DOES NOT BLEND MATERIALITY WITH

9    RELIANCE

10          MR. FAZIOLI:  THE MODEL INSTRUCTION

11   INCLUDES THE WORD, A PERSON.  I THINK IF THAT'S THE

12   LANGUAGE IN THE MODEL INSTRUCTION THEN THAT'S

13   CERTAINLY SOMETHING TO CONSIDER.  THAT'S WHAT WE

14   SUBMITTED IN OUR PROPOSED INSTRUCTION.

15          TO THE EXTENT THAT WE WERE GOING TO GO

16   BEYOND A PERSON TO START IDENTIFYING IN MORE

17   DETAIL, I THINK THE COURT'S DISCUSSION ABOUT A

18   POTENTIAL INVESTOR COULD BE APPROPRIATE.

19          TO GET BEYOND THAT INTO A POTENTIAL

20   INVESTOR IN THIS TYPE OF FUND THE CONCERNS WOULD BE

21   CONFUSING BECAUSE THERE WOULD BE SOME POSSIBILITY

22   THAT THERE WAS NOT A REALLY HEDGE FUND AT ALL IT

23   WAS A FRAUDULENT SCHEME.  AND TO GET TO THAT LEVEL

24   OF DETAIL IN TERMS OF A POTENTIAL INVESTOR COULD BE

25   PROBLEMATIC.

1        THE COURT:  SO WHAT'S YOUR PROPOSAL?

2        MR. FAZIOLI:  YOUR HONOR, OUR POSITION

3   WOULD PROBABLY BE FOR MATERIALITY THAT WE COULD GO

4   BACK TO THE LANGUAGE FROM THE INSTRUCTION WHICH IS

5   THE PROMISES OR THE PRETEXT IS THAT THE LANGUAGE

6   WERE MATERIAL, THAT IS THEY HAD A NATURAL TENDENCY

7   TO INFLUENCE OR CAPABLE OF INFLUENCING A PERSON TO

8   PART WITH MONEY OR PROPERTY.

9        IF THE COURT WOULD LIKE TO GIVE MORE

10  SPECIFICITY ABOUT WHAT TYPE OF PERSON, THEN WE

11  WOULD RECOMMEND A POTENTIAL INVESTOR.

12       MR. FONG:  AND WE WOULD SUGGEST A

13  POTENTIAL INVESTOR IN THIS TYPE OF FUND.  BECAUSE

14  REGARDLESS IF WHETHER OR NOT THE EVIDENCE SHOWS

15  THERE WAS ACTUALLY EVER A FUND OR NOT, IT WAS CLEAR

16  THAT THE SO CALLED SCHEME AS SUCH IF THERE WAS ONE,

17  WOULD HAVE BEEN TARGETED TOWARD GETTING PEOPLE WHO

18  WOULD BE INTERESTED IN THIS TYPE OF HEDGE FUND.

19       MR. FAZIOLI:  I REALLY DO THINK THE TERM

20  OF THIS TYPE OF HEDGE FUND IS CONFUSING.

21       THE COURT:  I'M NOT GOING TO USE THAT.

22       LET ME READ THIS.  A PRETENSE,

23  REPRESENTATION OR PROMISE IS MATERIAL IF IT HAD A

24  NATURAL TENDENCY TO INFLUENCE OR WAS CAPABLE OF

25  INFLUENCING A POTENTIAL INVESTOR IN THE TYPE OF

1   FUND REPRESENTED TO PART WITH MONEY.

2           MR. FONG:  THAT'S ACCEPTABLE TO THE

3   DEFENSE, YOUR HONOR.

4           THE COURT:  THEN I WAS GOING TO GO ON AND

5   SAY, MATERIALITY DOES NOT MEAN THAT ANY PARTICULAR

6   INVESTOR SUCH AS MR. LIN OR MR. VERDIELL HAD TO

7   JUSTIFIABLY RELY ON THE PRETENSE, REPRESENTATION OR

8   PROMISE, RATHER MATERIALITY ONLY REQUIRES THAT THE

9   PRETENSE, REPRESENTATION OR PROMISE BE OF THE TYPE

10  THAT WOULD HAVE THE TENDENCY TO INFLUENCE OR BE

11  CAPABLE OF INFLUENCING AN INVESTOR.  OR SUCH AN

12  INVESTOR TO PART WITH MONEY.

13          MR. FAZIOLI:  YOUR HONOR, WE WOULD, OUR

14  CONCERN ABOUT THE REFERENCE TO THE TYPE OF FUND IS

15  WHETHER THIS WOULD INTRODUCE A CIRCUMSTANCE WHERE

16  NOW THE STANDARD IS NOT A PERSON WHICH ISN'T IN THE

17  MODEL INSTRUCTIONS BUT NOW A VERY GENERAL CATEGORY

18  ABOUT A PARTICULAR SUBSECTION OF PEOPLE THAT WOULD

19  INVEST IN A FUND AND THAT IT PRESUPPOSES CERTAIN

20  THINGS ABOUT WHETHER THIS WAS A FUND ADD ALL WHICH

21  I THINK THERE'S A DISPUTE ABOUT WHETHER THIS WAS A

22  LEGITIMATE HEDGE FUND.  ALTHOUGH I DON'T THINK

23  THERE'S A DISPUTE THAT PEOPLE INVESTED MONEY.

24          AND SECONDLY, THAT IT -- I'M CONCERNED IT

25  WILL BE CONFUSING ABOUT THERE WILL BE DISCUSSIONS

1       ABOUT WHO WOULD INVEST IN A HEDGE FUND OR GENERAL

2       TYPE OF TESTIMONY ABOUT THAT WHICH WE THINK IS

3       BEYOND WHAT THE INSTRUCTIONS ARE OR WHAT THE

4       STANDARD OF MATERIALITY IS.  WE DON'T WANT A

5       CIRCUMSTANCE WHERE IT SORT OF IS I THINK SOMEWHAT

6       POSSIBLY CONFUSING WHEN YOU GET BEYOND THE

7       POTENTIAL INVESTOR LANGUAGE.

8               I MEAN, WE DID NOT INTRODUCE, I THINK

9       THERE WOULD BE EVIDENCE TO SUPPORT AN INFERENCE OF

10      GUILTY UNDER THIS CIRCUMSTANCE.  BUT THERE WOULD BE

11      A QUESTION OF WHETHER --

12              THE COURT:  WELL, ARE YOU SATISFIED IF I

13      JUST SAY, A PRETENSE REPRESENTATION OR PROMISE IS

14      MATERIAL IF IT HAD A NATURAL TENDENCY TO INFLUENCE

15      OR WAS CAPABLE OF INFLUENCING A POTENTIAL INVESTOR

16      TO PART WITH MONEY?

17              MR. FAZIOLI:  YES.

18              MR. LUCEY:  FROM THE GOVERNMENT'S POINT

19      OF VIEW, YES.

20              MR. FONG:  WE WOULD URGE THE COURT TO PUT

21      BACK IN THE LANGUAGE ABOUT THIS TYPE OF FUND.

22              AND WE WOULD MAINTAIN OUR REQUEST THAT

23      THE COURT STRIKE -- WE UNDERSTAND THE COURT HAS

24      PROBABLY MADE ITS RULING.  BUT WE WOULD FOR THE

25      RECORD, WE WOULD ASK THE COURT TO STRIKE THE

1    SENTENCE ABOUT MATERIALITY DOES NOT MEAN THAT ANY

2    PARTICULAR INVESTOR SUCH AS --

3              THE COURT:  I'M NOT SURE THE GOVERNMENT'S

4    ASKING THAT THAT BE INCLUDED AT THIS POINT, ARE

5    YOU?

6              MR. FAZIOLI:  I THINK THAT THE COURT

7    COULD INCLUDE THE SUBSECTION THREE AND JUSTIN STEAD

8    OF REFERRING TO A PERSON IT COULD REFER TO IT AS A

9    POTENTIAL INVESTOR.  THAT WOULD BE ACCEPTABLE TO

10   THE GOVERNMENT, YOUR HONOR.  AND IT WOULD LEAVE THE

11   DEFENSE FREE TO ARGUE THAT A POTENTIAL INVESTOR

12   SHOULD INCLUDE A PARTICULAR CONTEXT.  AND WE WOULD

13   BE FREE TO ARGUE AN ALTERNATIVE CONTEXT.

14             THE COURT:  ALL RIGHT.  ON THE PARAGRAPH

15   I HAVE STARTING AT THE BOTTOM OF PAGE 14 AND

16   RUNNING ON TO THE FIRST LINE OF PAGE 15, I'M NOT

17   SURE I UNDERSTAND WHERE YOU EACH ARE.

18             ARE YOU SUBSTITUTING FOR THAT PARAGRAPH

19   IS THE GOVERNMENT SATISFIED WITH A PRETENSE,

20   REPRESENTATION OR PROMISE IS MATERIAL IF IT HAD A

21   NATURAL TENDENCY TO INFLUENCE OR WAS CAPABLE OF

22   INFLUENCING A POTENTIAL INVESTOR TO PART WITH

23   MONEY?

24             MR. LUCEY:  THEN STRIKING THE BALANCE OF

25   THAT PARAGRAPH, YOUR HONOR.  YES, YOUR HONOR.

1          MR. FAZIOLI:  YES.  WE WOULD BE

2     ACCEPTABLE WITH THAT.

3          MR. FONG:  AND YOUR HONOR, THAT WOULD BE

4     ACCEPTABLE, EXCEPT AGAIN I WOULD ASK THE COURT PUT

5     IN THE LANGUAGE AN INVESTOR IN THAT TYPE OF FUND,

6     OR LANGUAGE TO THAT EFFECT.  I UNDERSTAND THE COURT

7     IS NOT INCLINED TO DO THAT BUT I WANT TO STATE FOR

8     THE RECORD THAT IS WHAT THE DEFENSE IS REQUESTING.

9          THE COURT:  OKAY.  I WILL JUST LEAVE THIS

10    SIMPLE SENTENCE AS I READ IT.

11         MR. FONG:  AND YOUR HONOR, JUST AS A TYPO

12    MATTER, WE LOOK AT WHAT IS NOW THE PARAGRAPH

13    STARTING WITH SECOND, THE FRAUDULENT PRETENSE

14    REPRESENTATIONS OR PROMISES WERE MADE AS PART OF

15    THE SCHEME OR PLAN WERE MATERIAL.

16         I BELIEVE THE FIRST WORD SHOULD BE

17    STRICKEN SO THAT IT SHOULD READ, THE SECOND, THE

18    FRAUDULENT PRETENSE REPRESENTATIONS OR PROMISES

19    MADE AS PART OF THE SCHEME OR PLAN WERE MATERIAL.

20         THE COURT:  YOU LOST ME.

21         MR. FONG:  OKAY.  THE SENTENCE READS.

22    SECOND, THE FRAUDULENT PRETENSES, REPRESENTATIONS

23    OR PROMISES --

24         MR. FAZIOLI:  IT SHOULD SAY, THAT WERE

25    MADE.

1          MR. FONG:  I THINK THAT WERE MADE SHOULD

2     SIMPLY BE MADE.

3          MR. FAZIOLI:  IT SHOULD SAY THAT WERE

4     MADE AS PART OF THE SCHEME.

5          THE COURT:  I'M TOTALLY MISSING

6     SOMETHING.

7          MR. LUCEY:  YOUR HONOR, LOOKING AT YOUR

8     PROPOSED INSTRUCTION, THE SECOND ELEMENT, THE

9     FRAUDULENT PRETENSES.  THE GOVERNMENT SUGGESTS

10    TRYING TO ADDRESS THE POINTS MR. FONG IS RAISING.

11          THE FRAUDULENT PRETENSES REPRESENTATIONS

12    OR PROMISES, ADDING IN, THAT WERE MADE, AS PART OF

13    THE SCHEME OR PLAN, WERE MATERIAL.

14          MR. FONG:  BECAUSE I BELIEVE THAT

15    GRAMMATICALLY AS IT IS NOW IS SOMEWHAT CONFUSING.

16    AND PERHAPS IT'S SIMPLY CONFUSING TO ME.

17          MR. LUCEY:  I THINK MR. FONG IS CORRECT

18    THAT IT COULD BE READ SOMEHOW INDICATING THAT

19    SOMEHOW THAT IT'S ALREADY BEEN PROVED SOMEHOW IN

20    THAT PORTION OF THE INSTRUCTION.

21          THE COURT:  I DON'T GET IT BUT I DON'T

22    HAVE ANY PROBLEM WITH THAT WERE MADE.  BEING THE

23    THREE WORDS FOLLOWING PROMISES.

24          MR. FONG:  AND JUST TO BE CLEAR,

25    YOUR HONOR, GOING BACK TO 13.  DID THE COURT, AND I

961

1    APOLOGIZE IF I SIMPLY MISSED THE COURT'S RULING.

2    DID THE COURT MAKE A RULING ON THE, MY PROPOSED

3    ADDITIONS, THE TWO SENTENCES WHICH I CONTEND CAME

4    FROM PARAGRAPH SIX AND PARAGRAPH 14 RESPECTIVELY

5    FROM THE INDICTMENT?

6             THE COURT:  I THINK I PASSED ON THOSE

7    BECAUSE I KNEW THE ISSUE WAS GOING TO COME UP WITH

8    RESPECT TO INSTRUCTION 14.

9             SO I HAVE NOT RULED ON THAT BUT IT SEEMS

10   TO ME THAT THE ADDITIONS YOU PROPOSE ARE NOT

11   NECESSARY AND NOT REQUIRED.

12            MR. FONG:  THANK YOU, YOUR HONOR.

13            THE COURT:  IS THERE ANYTHING ELSE?

14            MR. FAZIOLI:  TWO QUICK POINTS.

15            JURY INSTRUCTION NUMBER 15, FRAUDULENT

16   STATEMENTS REPRESENTATIONS OR PROMISES.  TWO POINTS

17   ABOUT THIS.

18            ONE, THE GOVERNMENT IS NOT SURE THAT

19   WE -- THAT AN INSTRUCTION IS REQUIRED IN GENERAL.

20            THE COURT:  A WHAT?

21            MR. FAZIOLI:  WE ARE NOT SURE THAT IT IS

22   PARTICULARLY NECESSARY TO LAY OUT THE PARTICULAR

23   FALSE STATEMENTS AND SUCH INSTRUCTION AS SORT OF A

24   THRESHOLD MATTER AT ALL.

25            IF THE COURT IS INCLINED TO DO SO, THEN

1    TWO OF THESE ALLEGED FALSE STATEMENTS THAT WERE IN

2    THE INDICTMENT ABOUT THE PILLSBURY WINTHROP FIRM

3    AND THE HELLER ERHMAN LAW FIRM, ALTHOUGH WE DO

4    THINK THE STATEMENTS ARE FALSE, THE GOVERNMENT

5    CHOSE NOT TO PRESENT EVIDENCE REGARDING THE

6    PILLSBURY WINTHROP FIRM AND HELLER ERHMAN FIRM IN

7    ITS CASE IN CHIEF.

8            WE THINK UNDER THOSE CIRCUMSTANCES THE

9    TWO FALSE STATEMENTS SHOULD NOT BE IN THE LIST OF

10   THE FALSE STATEMENTS BEING PRESENTED TO THE JURY

11           MR. LUCEY:  THE DANGER YOUR HONOR IS IF

12   THEY WERE INCLUDED POTENTIALLY THERE COULD BE AN

13   ISSUE OF IT BEING PART OF THE INSTRUCTION.  THEN

14   THE RECORD AS MR. FAZIOLI SUMMARIZED IT, THEN THE

15   ISSUE ABOUT THE VERDICT REACHED BY THE JURY THERE

16   AFTER.

17           THE COURT:  IF YOU ARE NOT MAKING A CLAIM

18   THAT THOSE STATEMENTS ARE FALSE THEN IT SEEMS TO ME

19   THEY CAN GO OUT.

20           MR. FONG:  YOUR HONOR, WE BELIEVE THAT

21   THEY SHOULD STAY IN BECAUSE IT WOULD ACCURATELY

22   REFLECT WHAT THE GOVERNMENT INDICTED THE CASE ON.

23           AND I DO NOT BELIEVE THE GOVERNMENT CAN

24   NOW CHOOSE TO SELECT PART OF THE INDICTMENT.  THIS

25   IS WHAT THEY CHARGED.  AND I THINK THE JURORS ARE

1    ENTITLED TO KNOW THAT SO THAT THEY GET THE COMPLETE

2    PICTURE.

3              MR. FAZIOLI:  YOUR HONOR, AGAIN, WE ARE

4    NOT --

5              THE COURT:  IT SEEMS TO ME IT'S LIKE

6    ANYTHING ELSE.  I MEAN, I WOULD HAVE TO LOOK BACK,

7    BUT I THINK IF THERE WAS A REQUEST BY THE DEFENSE I

8    WOULD HAVE TO STRIKE -- IT JUST SEEMS TO ME IF THE

9    GOVERNMENT FAILS TO PROVE A PORTION OF ITS CASE

10   THAT THAT IS REALLY IRRELEVANT FOR THE JURY'S

11   PURPOSES.  THEY'VE GOT TO FIND THAT ONE OF THESE

12   STATEMENTS IS FALSE TO WIN THE CASE.

13             AND I DON'T THINK THE FACT THAT THERE MAY

14   BE IN THE INDICTMENT A STATEMENT THAT WAS ALLEGED

15   AS FALSE THAT THEY HAVEN'T PROVED AS FALSE MEANS

16   THAT YOU LEAVE THAT IN FOR THE JURY TO CONSIDER.

17             MR. LUCEY:  AND YOUR HONOR TWO POINTS.

18             ONE AS THE COURT IS AWARE, THE GOVERNMENT

19   TYPICALLY CHARGES THE CONDUCT PROVES DISJUNCTIVE IN

20   ITS MATTERS.

21             AND SECONDLY, A VARIANCE WOULD BE IF WE

22   ARE ADDING MATERIAL IN AT THIS POINT NOT REDUCING

23   THE AMOUNT OF PROOF.

24             THE COURT:  I AGREE.

25             MR. FAZIOLI:  SO WE WOULD REQUEST THAT

964

1    SECTIONS -- TO THE EXTENT THE COURT IS INCLINED TO

2    GIVE AN INSTRUCTION LAYING OUT THE --

3          THE COURT:  I THINK THE SPECIFIC

4    STATEMENTS OUGHT TO BE GIVEN BECAUSE IF YOU BOTH

5    SEEM IT FEEL THAT THERE NEEDS TO BE AN AGREEMENT ON

6    A PARTICULAR STATEMENT THAT WAS MADE, THEREFORE I

7    THINK IT OUGHT TO BE SPELLED OUT TO WHAT THE

8    CHOICES ARE.

9          MR. FAZIOLI:  I THINK IF THE COURT IS

10   INCLINED TO DO THAT IT SHOULD DELETE SUBPARAGRAPHS

11   BAND D.

12         THE COURT:  I AGREE.

13         MR. FAZIOLI:  ONE LAST COMMENT THAT I

14   THINK, I DON'T KNOW IF THE DEFENSE WAS GOING TO

15   RAISE BUT IT WAS IN HIS WRITTEN EDITS OF JURY

16   INSTRUCTION NUMBER TWO.

17         MR. FONG:  YOUR HONOR ON INSTRUCTION

18   NUMBER TWO, I BELIEVE THERE'S AN AGREEMENT THAT THE

19   LAST SENTENCE SHOULD READ --

20         THE COURT:  I AGREE.  I DON'T HAVE ANY

21   PROBLEM WITH YOUR EACH OF.

22         MR. FAZIOLI:  WELL, WE ACTUALLY HAD A THE

23   ISSUE WITH THAT.

24          ONE BECAUSE I THINK IT MAY SLIGHTLY

25   DIFFER FROM THE PATTERN INSTRUCTIONS.

1           AND TWO, THERE MAY BE A REASON FOR THAT.

2           THE COURT:  PATTERN INSTRUCTIONS ARE

3    INTENDED TO BE MODIFIED THEY ARE NOT SUPPOSED TO BE

4    JUST --

5           MR. LUCEY:  FAIR ENOUGH, YOUR HONOR.

6           MR. FAZIOLI:  WE ACTUALLY DO HAVE A

7    PROBLEM WITH IT.  SAYING THE GOVERNMENT HAS THE

8    BURDEN OF PROVING EVERY ELEMENT OF EACH OF THE

9    CHARGES BEYOND A REASONABLE DOUBT WE THINK COULD BE

10   SOMEWHAT CONFUSE NOTHING THAT IT COULD, THE JURY

11   COULD GET THE MISIMPRESSION THAT WE HAVE TO PROVE

12   ALL OF THE CHARGES BEYOND A REASONABLE DOUBT IN

13   ORDER TO --

14          THE COURT:  WHAT IF YOU JUST SAY THE

15   GOVERNMENT HAS THE BURDEN OF PROVING EVERY ELEMENT

16   OF EACH COUNT BEYOND A REASONABLE DOUBT.

17          MR. FONG:  THAT'S FINE, YOUR HONOR.

18          MR. FAZIOLI:  I THINK THE CONCERN WOULD

19   BE THAT THE JURY WOULD THINK THAT WE HAVE TO PROVE

20   ALL OF THE COUNTS IN ORDER FOR THEM TO FIND THEM

21   GUILTY ON ANY OF THE COUNTS.

22          AND I THINK THERE'S AN INSTRUCTION THAT

23   IF THE LANGUAGE SAYS PROVE EVERY ELEMENT OF THE

24   CHARGE BEYOND A REASONABLE DOUBT, THE COURT IS ALSO

25   INSTRUCTING THEM THAT THEY HAVE TO CONSIDER EACH

```
1    COUNT SEPARATELY.  THAT SHOULD I THINK BE

2    SUFFICIENT.

3              I DON'T WANT A CIRCUMSTANCE FOR THEM TO

4    THINK TO FIND A CONVICTION ON ANY THEY HAVE TO FIND

5    A CONVICTION BEYOND A REASONABLE DOUBT AS TO ALL.

6              THE COURT:  I CAN'T BELIEVE YOU GUYS.

7              MR. LUCEY:  IT'S ONLY THE CONCERN,

8    YOUR HONOR, ONLY OUT OF AN ABUNDANCE OF CAUTION.  I

9    UNDERSTAND THE COURT'S CONCERNS THAT MAYBE WE ARE

10   BEING HYPER TECHNICAL.

11             MR. FAZIOLI:  THE COURT'S INJURY

12   INSTRUCTION 11 DOES SAY A SEPARATE CRIME IS CHARGED

13   AGAINST MR. HU IN EACH COUNT.  YOU MUST DECIDE EACH

14   COUNT SEPARATELY.

15             MR. LUCEY:  PERHAPS WE COULD ADDRESS

16   MR. FONG'S CONCERN THERE.  BECAUSE IN CONTEXT IT

17   MIGHT BE CLEAR TO THE JURY IF WE SAID IN THE SECOND

18   SENTENCE, OF YOUR NUMBER 11, YOUR HONOR, YOU MUST

19   CITE EACH ELEMENT OF EACH COUNT SEPARATELY.

20             MR. FAZIOLI:  NO, I THINK IT'S FINE.

21             NO, IT'S A SEPARATE INSTRUCTION.  FOLLOWS

22   THE PATTERN INSTRUCTION, IT MAKES SENSE.  WE DON'T

23   WANT TO MODIFY JURY INSTRUCTION 11.

24             THE COURT:  I COULD SAY, THE GOVERNMENT

25   HAS THE BURDEN OF PROVING EVERY ELEMENT OF EACH
```

1    COUNT BEYOND A REASONABLE DOUBT IN ORDER TO FIND

2    DEFENDANT GUILTY OF THAT COUNT.

3              MR. FONG:  THAT WOULD BE ACCEPTABLE TO

4    THE DEFENSE, YOUR HONOR.

5              MR. FAZIOLI:  HOW ABOUT THE POSSIBLE

6    MODIFICATION.

7              THE GOVERNMENT HAS THE BURDEN OF PROVING

8    EVERY ELEMENT OF A COUNT BEYOND A REASONABLE DOUBT,

9    A COUNT, IN ORDER TO FIND THE DEFENDANT GUILTY OF

10   THAT COUNT.

11             MR. FONG:  THE DEFENSE WOULD GO WITH THE

12   COURT'S FORMULATION EARLIER.  I THINK THAT'S CLEAR.

13             THE COURT:  THE GOVERNMENT HAS THE BURDEN

14   OF PROVING EVERY ELEMENT OF A COUNT BEYOND A

15   REASONABLE DOUBT BEFORE THE DEFENDANT CAN BE FOUND

16   GUILTY OF THAT COUNT.

17             MR. FONG:  THAT'S ACCEPTABLE TO THE

18   DEFENSE, YOUR HONOR.

19             MR. FAZIOLI:  I THINK THAT'S ACCEPTABLE,

20   YOUR HONOR.

21             THE COURT:  OKAY.

22             MR. LUCEY:  YES, YOUR HONOR.

23             THE COURT:  I THINK WE ARE DONE, RIGHT?

24             MR. FONG:  THANK YOU VERY MUCH.

25             MR. FAZIOLI:  SO THE GOVERNMENT WILL

1    E-MAIL THE COURT A COPY OF THE TRIAL STIPULATION

2    THAT HAS THE TABLE.

3              THE COURT:  YEAH.  AND WOULD YOU EACH --

4    I WILL MAKE THE CHANGES AND I WILL MAIL THEM TO

5    YOU.

6              WOULD YOU EACH CONFIRM THAT I MADE THE

7    CHANGES YOU WANTED ME TO MAKE?

8              MR. FAZIOLI:  YES WE WILL, YOUR HONOR.

9              MR. FONG:  YES, YOUR HONOR.

10             MR. FAZIOLI:  THANK YOU.

11             MR. LUCEY:  AND YOUR HONOR, 8:30 TOMORROW

12   MORNING?

13             THE COURT:  YES.

14             MR. LUCEY:  PRE-CHARGE OR POST-CHARGE IN

15   TERMS OF CLOSING?

16             THE COURT:  I THOUGHT WE DECIDED BUT I'M

17   HAPPY TO GO EITHER WAY THAT I WOULD INSTRUCT AFTER.

18             MR. FONG:  THAT'S FINE BY THE DEFENSE,

19   YOUR HONOR.

20             MR. FAZIOLI:  THAT'S FINE BY THE

21   GOVERNMENT AS WELL.

22             THE COURT:  IF YOU BOTH PREFER I DO IT

23   BEFORE I WILL DO IT BEFORE.

24             MR. FONG:  I WOULD PREFER STAY THE WAY IT

25   IS.

1                MR. FAZIOLI:  THEN THAT SETTLES IT.

2                (WHEREUPON, THE PROCEEDINGS IN THIS

3      MATTER WERE CONCLUDED.)

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1

2

3

4                        **CERTIFICATE OF REPORTER**

5

6

7

8              I, THE UNDERSIGNED OFFICIAL COURT

9     REPORTER OF THE UNITED STATES DISTRICT COURT FOR

10    THE NORTHERN DISTRICT OF CALIFORNIA, 280 SOUTH

11    FIRST STREET, SAN JOSE, CALIFORNIA, DO HEREBY

12    CERTIFY:

13             THAT THE FOREGOING TRANSCRIPT,

14    CERTIFICATE INCLUSIVE, CONSTITUTES A TRUE, FULL AND

15    CORRECT TRANSCRIPT OF MY SHORTHAND NOTES TAKEN AS

16    SUCH OFFICIAL COURT REPORTER OF THE PROCEEDINGS

17    HEREINBEFORE ENTITLED AND REDUCED BY COMPUTER-AIDED

18    TRANSCRIPTION TO THE BEST OF MY ABILITY.

19

20

21

22    _____

23    SUMMER A. FISHER, CSR, CRR
      CERTIFICATE NUMBER 13185          DATED: 6/19/12
24

25