JERRY Y. FONG, ESQ. (SBN 99673)
THE LAW OFFICE OF JERRY FONG
706 COWPER STREET; SUITE 203
PALO ALTO, CA 94301
650/322-6123
650/322-6779 fax
jf@jerryfong.com

Attorney for Defendant ALBERT KEJENG HU

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ALBERT KEJENG HU,

Defendant.

CASE NO. CR 09-00487 RMW

DECLARATION OF ALBERT HU'S IN SUPPORT OF HIS REQUEST FOR A CONTINUANCE OF THE SENTENCING HEARING & FOR AN EVIDENTIARY HEARING ON SPECIFIC ISSUES.

Date: November 26, 2012
Time: 9:00 a.m.
Judge: Hon. Ronald M. Whyte

I, Albert Kejeng Hu, declare:

1. I am the defendant in this case.

2. I make this Declaration in support of my request for a continuance of the sentencing hearing for a short period of time, from November 26, 2012, to mid-January, 2013, so that my attorney and I will have adequate time to prepare a proper and meaningful response to the Final PSR and the Government's anticipated arguments.

3. In addition, as of right now, my attorney, Jerry Fong, and I have a significant difference of opinions as to what should be argued at my sentencing hearing and how to best argue my positions. He and I have been working very hard to try to resolve our differences, but we need more time. I want to have a singular and united position, in terms of arguing my case at the sentencing hearing.

4. I understand that the Final PSR recommends a sentence of 235 months or 19 and ½ years of imprisonment. I am currently 51 years old. A sentence of 19 and ½ years means that I would probably be in prison until I am around 65 years old, with my productive years totally behind me. I want to make sure that my attorney and I have sufficient time to argue and fight against the imposition of this harsh sentence.

5. I would like to add the following facts or assertions as examples of why I need for more time to prepare and present the proper sentencing arguments or positions.

6. As of this morning (November 20, 2012), I received from my counsel the victim statements by Hwa-Fu Chen, Michael Chuang and Grace Doong, Bob Lin, and Andy Yan. I understand that he received these statements yesterday, November 19, 2012.

7. From my initial review of these statements, I noticed that Mr. Andy Yan is claiming that he was entitled to receive $2.67 million from me. From my review of documents and my recollection, Mr. Yan invested only about $750,000, and that he received repayment of about $600,000.

8. Similarly, Mr. Hwa-Fu Chen claimed that "I had $708,044 with him...", presumably to give the impression that he had invested that sum: $708,044. Similarly, the documents tend to show that Mr. Chen had actually invested $570.000.

9. My recollection is that many, if not all, investors in the Asenqua Beta Fund and the Fireside LS Fund signed subscription agreements in which each investor represented that he or she is a high net worth individual who can bear the risk of losing the entire investment. Many of them participated actively in the Asenqua entities' investment strategies and planning.

10. I also remember that Mr. Michael Chuang held a high position (I believe that it was the Vice-President of corporate strategy) with Quanta Computers, one of the largest personal computer manufacturers in the market. He was a very experienced and sophisticated business person with a strong background in the high tech industry. Many of the other investors were similarly experienced and sophisticated in the high tech business.

11. These are example of what I consider to be inaccuracies which appear

throughout the sentencing documents or pleadings. I need to respond to these allegations properly and will need more time to work with my attorney to present my version of the events or analyses.

12. Another example of why I need more time is the argument concerning the number of victims. The only list of victims I have seen came from a list that the Government gave to my attorney. That list included four individuals who had not invested in the Asenqua Beta Fund or the Fireside LS Fund, the two hedge funds which formed the basis for the indictment and my conviction. If given more time, I can work with attorney to locate the documents which I believe would show that these four individuals were not victims of the offense at issue. Without these four individuals, the number of victims would drop below 10 and the enhancement would not apply.

13. Last week, I received a copy of the Santa Clara County Superior Court file of my prior conviction for spousal battery. I have been reviewing those documents and wish to have more time to consult with my attorney about presenting mitigating factors concerning that incident.

14. These and other points are important to me. I want to make sure that my attorney and I have sufficient time to work through our differences so that we can present a unified vision of my arguments at sentencing. I believe that any inconvenience possibly caused by the short continuance requested would be far outweighed by the impact that the significant sentence which might be imposed on me: 19 and ½ years. I respectfully request that the Court grant the continuance.

I declare under the penalty of perjury that the foregoing is true and correct. Executed in San Jose, California, on November 20, 2012.

/S/
ALBERT KEJENG HU